In the Matter of EARL A. RAWLINS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 16, 1981

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

*Jeff L. Greenup* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to the Bar in the Second Department on June 22, 1960. Upon the conclusion of a hearing before a hearing panel of the petitioner Departmental Disciplinary Committee for the First Judicial Department on charges of professional misconduct and conduct prejudicial to the administration of justice, respondent was found to have violated the prescriptions of DR 1-102(A)(4) of the Code of Professional Responsibility by converting a client's funds, DR 9-102 by commingling clients' funds with his own, and DR 6-101(A)(3) by neglecting a matter entrusted to him.

The first matter concerns respondent's actions with respect to his client LeRoy Barr, who retained respondent in 1971 to obtain a divorce. Pursuant to the divorce decree filed

in April, 1972, Mr. Barr was ordered to pay his wife's attorneys, Kooper & Kooper, the sum of $500 less $100 which had already been paid. The funds were to be sent by Mr. Barr to respondent, who was to indorse them over to the Kooper firm. Respondent properly indorsed and transferred the first check for $200 dated June 27, 1972, but the second and final check for $200 dated August 21, 1972 was deposited in respondent's personal checking account. Because of respondent's disorderly method of record keeping there is some question raised in the record as to whether respondent intentionally commingled the funds with his own or might have initially believed the last check to represent fees due him for representing Mr. Barr. On net balance the evidence supports the hearing panel's finding that respondent improperly commingled funds payable to the Kooper firm with his own. Clearly he soon thereafter realized that he had improperly placed the funds in his general account but did nothing to rectify the situation until several years had passed and his client was subjected to considerable embarrassment as summarized below.

In January, 1974, Mr. Barr was served with a summons alleging nonpayment of legal fees to the Kooper firm and respondent agreed to represent Mr. Barr in that matter. Respondent failed to appear on behalf of Mr. Barr and a default judgment was entered. He successfully vacated that judment and obtained a new trial date but then again failed to appear, and a second default judgment was entered on October 27, 1976. On September 23, 1977, Mr. Barr's salary was garnisheed to satisfy the judgment against him. With regard to the garnishment also, respondent undertook to represent his client but neglected to do so in any meaningful way. Mr. Barr was forced to obtain a judgment against respondent in Small Claims Court and register a complaint with the Departmental Disciplinary Committee before respondent made restitution on March 17, 1978.

Respondent was retained by Rosemary Lawrence in July, 1977 to represent her in a landlord and tenant action, in the course of which Ms. Lawrence gave respondent a $740 check representing four months' rent to be held in escrow. Although the check was deposited in respondent's "special" account on September 27, 1977, he conceded at the hearing

that the account contained mostly general funds and that he drew checks against the escrow fund for general business purposes. Although the $740 rent escrow was ultimately paid to the landlord, and the eviction proceeding alleging nonpayment of the four months' rent was discontinued, commingling and a conversion of this client's funds were established by the evidence.

This court is now informed that there are other complaints pending against respondent in the Departmental Disciplinary Committee. Accordingly, petitioner's motion for an order confirming the hearing panel's findings is granted, but as to the extent of discipline to be imposed on respondent, the motion is held in abeyance and the matter remanded to the Committee for an expedited hearing and report regarding any outstanding complaints. Because of the serious nature of the charges already established, respondent is suspended from practice forthwith pending receipt of the report of the Departmental Disciplinary Committee, and until further order of this court.

MURPHY, P. J., KUPFERMAN, BIRNS, SANDLER and FEIN, JJ., concur.

Respondent suspended and matter remanded to the Departmental Disciplinary Committee for the First Judicial Department for expedited hearing and report.